HENRY M. REISS, PROSECUTOR, v. JEROME J. BRADY, DIRECTOR OF THE DEPARTMENT OF PUBLIC SAFETY OF THE CITY OF BAYONNE, RESPONDENT.

Submitted February 1, 1932—Decided June 13, 1932.

Before Justices TRENCHARD and DONGES.

For the prosecutor, *William Rubin.*

For the respondent, *Alfred Brenner.*

PER CURIAM.

This writ of *certiorari* brings up for review the attempted appointment of one Phiefer to the office of overseer of the poor on August 18th, 1931, also the official action taken by the director of public safety, wherein the prosecutor, Reiss, was discharged as overseer on August 17th, 1931, without any charges or hearing and without any reason being assigned.

We appear not to be concerned with the appointment of Phiefer, because he is deceased, and it seems to be agreed that the court should now proceed to determine the question of the validity of the action of the director of public safety in discharging the prosecutor.

We think that the action was illegal. He was appointed September 18th, 1928, "for the term fixed by law." Section 27 of the act of 1924, page 270, fixes the term. It provides:

"27. Overseers shall be appointed, if qualified as provided in section 29, by the municipal governing body after the passage of this act, and shall hold office for five years;" &c.

By the terms of the statute we think he was entitled to hold until September 18th, 1933, nothing appearing to the contrary in the statute nor in the resolution appointing him (even if it were competent to cut down in the resolution the term fixed by law, which we do not think it was).

The respondent argues that the prosecutor was illegally appointed and cannot therefore question his dismissal. In support of this contention the claim is that in the resolution appointing the prosecutor it is not set forth that he was qualified as provided in section 29 of the act, and this, and only this is the respondent's argument: "Under section 29 it is not mandatory that the examination be conducted by the civil service commission, that being only a means by which qualifications may be ascertained. It is mandatory, however, that the capability of the appointee to keep records and reports, and more particularly that he have knowledge of the laws concerning relief and maintenance should be determined by the governing body of the municipality. Until, therefore, such body is satisfied as to the competency of the appointee and his qualifications to perform the duties of his office, no overseer can be legally appointed." We think that argument is unsound. No claim is made that the governing body was in fact not so satisfied nor that they did not in fact so determine. The sole contention of the respondent is that the record is silent upon that topic. It is significant that no complaint was ever made of the prosecutor in these respects. We think the implication in such circumstances is that in some fashion satisfactory to itself the board ascertained that its appointee was qualified.

We think that the action discharging the prosecutor without any charges or hearing cannot be justified, and such action will be set aside, but without costs.